

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KRISTOPHER B. HEIM,                                    1:19-CV-01160 JLS (MJR)

                        Plaintiff,                     REPORT AND
                                                       RECOMMENDATION

        v.

LIVINGSTON COUNTY SHERIFF
THOMAS J. DOUGHTERTY,
COUNTY OF LIVINGSTON,
BRANDON J. FLICKNER and
JAMES MERRICK,

                        Defendants.
_____


## INTRODUCTION

        This case has been referred to the undersigned by the District Court, pursuant to

Section 636(b)(1) of Title 28 of the United States Code, for all pretrial matters and for

hearing and reporting on dispositive motions.[1]    (Dkt. No. 6)    Before the Court is

defendants' motion to dismiss the complaint pursuant to Rule 12(c) of the Federal Rules

of Civil Procedure (Dkt. No. 11) and plaintiff's cross-motion to amend the complaint (Dkt.

No. 19).  For the following reasons, it is recommended that defendants' motion to dismiss

the complaint be granted, and that plaintiff's cross-motion to amend the complaint be

denied.

_____
[1] This case was originally referred to the undersigned by the Hon. Lawrence J. Vilardo on November 7, 2019.  (Dkt. No. 6)  On February 18, 2020, this case was reassigned to the Hon. John L. Sinatra, Jr.  (Dkt. No. 9)

## FACTS AND PROCEDURAL BACKGROUND[2]

This civil rights lawsuit arises from the December 15, 2016 arrest of plaintiff on Interstate Route 390 in Geneseo, New York for driving while under the influence of drugs. In a complaint filed on August 29, 2019, plaintiff asserted a cause of action for false arrest and false imprisonment in violation of 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the United States Constitution. (Dkt. No. 1) Plaintiff also asserted a cause of action for negligent infliction of emotional distress in violation of New York State law. (*Id.*) Defendants moved to dismiss the complaint on February 20, 2020 arguing, *inter alia*, that plaintiff's plea of guilty to a traffic infraction before Geneseo Town Court, in resolution of all charges arising from his December 15, 2016 arrest, precluded plaintiff's lawsuit. (Dkt. No. 11) Plaintiff requested multiple extensions of time to respond to the motion to dismiss, on the basis that his guilty plea was likely subject to vacatur upon a motion *coram nobis* to Geneseo Town Court. (Dkt. Nos. 12, 14, 16) Plaintiff reasoned that if a motion *coram nobis* was granted, his guilty plea would be vacated and leave to amend his complaint would be justified. (Dkt. Nos. 14, 16) This Court granted plaintiff's first two requests for an extension of time to respond. (Dkt. Nos. 13, 15) However, plaintiff's third request for an extension of time to respond to the motion to dismiss was denied.[3] (Dkt. No. 18)

---

[2] The facts set forth herein have been taken from (1) the complaint and the proposed amended complaint; (2) the pleadings, motion papers, exhibits and declarations filed in this lawsuit; and (3) representations made by counsel during oral argument.

[3] In denying plaintiff's third motion for an extension of time to respond to the motion to dismiss, the Court reasoned that: (1) the Court had already granted two prior extensions; (2) there was no definite time for decision on any vacatur motion plaintiff may make in Geneseo Town Court; (3) plaintiff provided no explanation as to why his vacatur motion would be successful; (4) plaintiff provided no explanation as to how or why his vacatur motion would affect this case; and (5) plaintiff provided no explanation as to why a vacatur motion was not filed before he brought the instant lawsuit. (Dkt. No. 18)

On July 13, 2020, plaintiff filed both a response in opposition to defendants' motion to dismiss the complaint as well as a motion to amend the complaint. (Dkt. Nos. 19-21) On July 24, 2010, defendants filed a response in opposition to plaintiff's motion to amend and a reply in further support of their motion to dismiss the complaint. (Dkt. No. 22) The Court heard oral argument as to defendants' motion to dismiss the complaint and plaintiff's motion to amend the complaint on August 4, 2020.

### *The Complaint*

#### *Plaintiff's Arrest*

At approximately 6:25 p.m. on the evening of December 15, 2016, plaintiff Kristopher Heim was lawfully operating a pick-up truck on Interstate Route 390, near Geneseo, New York.[4] (Dkt. No. 1, ¶14) Defendant Brandon Flickner, a deputy of the Livingston County Sheriff's Department, was patrolling the area at that time. (*Id.* at ¶17) Deputy Flickner activated his flashing lights behind Heim's vehicle, and Heim pulled over onto the western shoulder of the southbound lane of Interstate Route 390. (*Id.* at ¶¶18-19) Flickner approached the driver's side of the vehicle on foot and asked Heim as well as Heim's male passenger to provide their driver's licenses. (*Id.* at ¶¶20-21) After obtaining the licenses, Deputy Flickner returned to his patrol car for a period of time. (*Id.* at ¶¶23-25) Flickner then walked back to the pick-up truck and directed Heim to exit the vehicle in order to undergo a field sobriety test. (*Id.* at ¶26) The weather conditions were windy and extremely cold, and Heim was not wearing adequate clothing to protect him against the elements while taking the field sobriety tests on the side of the roadway. (*Id.* ¶¶29-30) After administering the tests, Flickner arrested Heim and charged him with

---

[4] For purposes of evaluating the motion to dismiss and the motion to amend, the Court has accepted all allegations in the complaint and the proposed amended complaint as true.

operating a motor vehicle under the influence of drugs, in violation of New York State Vehicle and Traffic Law §1192(4).  (*Id*. at ¶31, ¶49)  Heim was also issued tickets for "inadequate/no muffler", in violation of New York State Vehicle and Traffic Law §375(31), and for "inadequate wiper/unauthorized sticker", in violation of New York State Vehicle and Traffic Law §375(1)(b).  (*Id*. at ¶35, ¶40)

Heim was handcuffed, placed in a patrol vehicle, and taken to the Livingston County Sheriff's Department.  (*Id*. at ¶57)  Defendant James Merrick, another deputy with the Livingston County Sheriff's Department, conducted further questioning and investigation of Heim at the station.  (*Id*.)  Deputy Merrick administered a breathalyzer test to Heim, which was negative for the presence of alcohol.  (*Id*. at ¶¶60-61)  Heim also provided a urine sample pursuant to Flickner's request.  (*Id*. at ¶62)  Deputy Merrick conducted a drug recognition evaluation ("DRE") of Heim, and concluded that Heim was under the influence of drugs.  (*Id*. at ¶63, ¶67)  Heim was then transported to the Livingston County Jail and incarcerated for the remainder of the night.  (*Id*. at ¶74)  The next day, on December 16, 2016, Heim was transported from the Livingston County Jail to Geneseo Town Court and arraigned on the criminal charges filed by Deputy Flickner. (*Id*. at ¶75)

On February 22, 2017, a Comprehensive Drug Screen Results report analyzing the urine sample provided by Heim on December 15, 2016 was negative for any chemicals or substances which would cause impairment.  (*Id*. at ¶78, Exh. A)  On March 22, 2017, the criminal proceedings initiated by Flickner against Heim on December 15, 2016, including the charge for driving under the influence of drugs as well as the traffic tickets for "inadequate/no muffler" and "unauthorized sticker", were dismissed by the

4

Geneseo Town Court upon Heim's plea of guilty to a parking infraction. (*Id.* at ¶39, ¶43, ¶81, ¶116. Exh. B)

<u>*Livingston County's STOP-DWI Program*</u>

On the night of Heim's arrest for driving under the influence of drugs, Deputy Flickner was assigned to defendant Livingston County Sheriff Thomas Dougherty's (the "Sheriff") Special Traffic Options program for Driving While Intoxicated ("STOP-DWI"). (*Id.* at ¶17)  STOP-DWI is a program implemented by the New York State legislature pursuant to Section 1197 of the Vehicle and Traffic Law. (*Id.* at ¶87)  STOP-DWI allows participating counties, such as defendant Livingston County (the "County"), to retain fines imposed against individuals convicted of certain traffic violations, including driving while impaired or under the influence of drugs. (*Id.* at ¶¶87-88)  The County and the Sheriff then use these fines, in part, to pay the salaries of deputies assigned to work the STOP-DWI program. (*Id.* at ¶93)

Heim alleges that because of the STOP-DWI program, the County, the Sheriff, and deputies such as Flickner and Merrick, have a financial motive to arrest and secure convictions against impaired drivers independent of any crime-fighting or safety objectives. (*Id.* at ¶94)  Heim contends that the actions of Deputies Flickner and Merrick on the night of his arrest were not undertaken in good faith as part of their law enforcement duties, but instead with the ulterior goal of securing additional funding through arrests for alcohol and drug related driving offenses. [5]  (*Id.* at ¶100)

---

[5] Heim alleges that Deputies Flickner and Merrick engaged in a similarly unlawful arrest of Jeffrey Dobson on September 21, 2016, also for operating a vehicle while impaired by drugs. (*Id.* at ¶46, ¶49)  Heim claims that, like him, Dobson was arrested without probable cause, and that defendants' motivation for the arrest was the financial benefits bestowed through the County and the Sheriff's participation in the STOP-DWI program. (*Id.*)  Dobson's arrest is the subject of a similar civil rights lawsuit pending before this Court. *See Dobson v. Livingston County Sheriff Thomas J. Doughtery, et al*, Case No. 1:17-CV-1014)

### *Plaintiff's Guilty Plea*

In support of their motion to dismiss the complaint, defendants attach a Negotiated Plea Recommendation, signed by Heim on March 22, 2017, before Geneseo Town Court. (Dkt. No. 11-1, Exh. B)  Therein, Heim expressly agrees to plead guilty to a violation of Section 1201(a) of the New York Vehicle and Traffic Law in full satisfaction of all the charges stemming from his arrest on December 15, 2016. (*Id.*)  The December 15, 2016 charges dismissed as a result of Heim's guilty plea included: (1) driving under the influence of drugs in violation of Section 1192(4) of the New York Vehicle and Traffic Law; (2) "inadequate/no muffler" in violation of Section 376(31) of the New York Vehicle and Traffic Law; and (3) "inadequate wipers/unauthorized sticker" in violation of Section 375(1)(B) of the New York Vehicle and Traffic Law. (*Id.*)

### *The Proposed Amended Complaint*

Plaintiff now moves to amend his complaint to include, *inter alia*, his attempts to invalidate or vacate his March 22, 2017 guilty plea.  (Dkt. No. 19)  To that end, the proposed amended complaint alleges that on July 8, 2020, Heim served a Motion/Petition for a Writ of Error *Coram Nobis* ("*Coram Nobis* Petition") in Geneseo Town Court, requesting to vacate the guilty plea he entered on March 22, 2017. (Dkt. No. 19-2, ¶¶127-130, Exh. C)  The proposed amended complaint further alleges that the *Coram Nobis* Petition, which was returnable on July 28, 2020, is meritorious and has a likelihood of success on the merits. (*Id.*)  The proposed amended complaint indicates that if Geneseo Town Court grants Heim's *Coram Nobis* Petition, his March 22, 2017 guilty plea will be vacated and Heim will be entitled to a new trial on all charges arising from his arrest on December 15, 2016. (*Id.*)

6

The proposed amended complaint also seeks to add allegations in support of plaintiff's claim of negligent infliction of emotional distress. (*Id.* at ¶¶31-35) Specifically, the proposed amended complaint alleges that defendants breached their duty of care to Heim by forcing him to undergo the field sobriety tests in severe weather conditions, when Heim was not wearing suitable clothing. (*Id.*) The proposed amended complaint claims that Heim suffered severe pain and discomfort, as well as fear for his health, safety and physical well-being, as a result of defendants' actions. (*Id.*)[6]

### *Denial of the Coram Nobis Petition*

During the oral argument before this Court on August 4, 2020, counsel for plaintiff indicated that the Geneseo Town Court recently denied Heim's *Coram Nobis* Petition and request to vacate his March 22, 2017 guilty plea. Counsel represented that plaintiff was considering an appeal of Geneseo Town Court's denial of the motion to vacate his plea. Plaintiff's counsel then orally requested leave to further amend the complaint to indicate that the denial of the *Coram Nobis* Petition is subject to appeal, and that Heim's guilty plea may still be vacated.

### DISCUSSION

*Motion to Dismiss and Motion to Amend Standards*

In ruling on a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, courts apply the same standard used in evaluating motions to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *Patel v.*

---

[6] The proposed amended complaint also adds allegations that the Sheriff and the County's participation in the STOP-DWI program is voluntary or optional, and therefore the STOP-DWI program amounted to the County's own policy and practice, which County employees were expected to advance. (*Id.* at ¶¶93-97) The proposed amended complaint also withdraws a claim for injunctive relief contained in the initial complaint, and clarifies that plaintiff is asserting a claim for *negligent* infliction of emotional distress and that any use of the word "*intentional*" in the initial complaint was inadvertent. (*Id.*; Dkt. No. 21, pgs. 4-5)

*Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Thus, a court must accept as true all of the well-pleaded factual allegations in the complaint and must not dismiss the action unless convinced that the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bloor v. Carro, Spanbock Londin, Rodman & Fass*, 754 F.2d 57, 61 (2d Cir. 1985); *quoting Conley v. Gibson*, 335 U.S. 41, 45-46 (1957). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face.") In considering a motion to dismiss for failure to state a claim, a court may consider "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

Rule 15 of the Federal Rules of Civil Procedure provides that a court shall freely grant leave to amend a complaint "when justice so requires." *See* Fed. R. Civ. 15(a)(2). Despite the liberal nature of this rule, a court has discretion to deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007) ("[I]t is within the sound discretion of the district court to grant or deny leave to amend.") In order to determine whether an amendment is futile, courts are to apply the same standard as they do in deciding a motion to dismiss. *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). Thus, "futility may be shown by demonstrating that the proposed new pleading fails to state a cognizable claim and thus would be subject to dismissal under Rule 12(b)(6), or is otherwise facially inadequate." *BLT Rest. Grp. LLC v. Tourondel*, 855 F. Supp.2d 4, 13-14 (SDNY 2012). *See also Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*,

282 F.3d 83, 88 (2d Cir. 2002) ("holding that amendment is futile if the proposed amended complaint does not state a claim upon which relief can be granted"). In making a futility determination, a court may consider the allegations in the complaint, as well as any documents attached to the complaint as exhibits or incorporated by reference. *Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 04 Civ. 2867, 2006 U.S. Dist. LEXIS 16402 (SDNY Mar. 31, 2006); *accord Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). Documents that are "integral to the complaint," whereby the complaint "relies heavily upon [their] terms and effect," may also properly be considered. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

As explained in detail below, plaintiff's Section 1983 claims are barred by his March 22, 2017 guilty plea to a traffic infraction in satisfaction of all charges arising from his December 15, 2016 arrest, and plaintiff's claim for negligent infliction of emotional distress is both untimely and fails to satisfy mandatory procedural requirements. Thus, the complaint should be dismissed because it sets forth no set of facts which would entitle plaintiff to relief. Also for the reasons discussed below, the motion to file an amended complaint should be denied because plaintiff's proposed amendments are futile.

### Plaintiff's Section 1983 Claims are Barred by His Guilty Plea

Plaintiff's first cause of action is brought pursuant to Section 1983 of Title 42 of the United States Code. Specifically, plaintiff contends that defendants Flickner and Merrick violated his Fourth and Fourteenth Amendment rights when they subjected him to false arrest and false imprisonment for driving under the influence of drugs on December 15, 2016. (*Id.* at ¶¶103-128) Plaintiff also alleges constitutional violations against the Sheriff and the County pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1977). (*Id.*)

Plaintiff alleges that the County and the Sheriff created policies and procedures which encouraged deputies such as Flickner and Merrick to make unconstitutional arrests or seizures, and pursue false charges, in order to secure revenue through fines imposed against drivers under the STOP-DWI program. (*Id.* at ¶119)

In order to pursue a Section 1983 claim for false arrest or false imprisonment, a plaintiff must show that the criminal proceedings which arose from his arrest were terminated in his favor. *Papeskov v. Brown*, 97 Civ. 5351, 1998 U.S. Dist. LEXIS 8355 (SDNY June 8, 1998); *accord Roesch v. Otarola*, 980 F.2d 850, 853 (2d. Cir. 1992). In fact, the Second Circuit has explained that "a person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to acquittal or an unqualified dismissal, or else waive his Section 1983 claim." *Roesch*, 980 F.2d at 853. Thus, courts in this Circuit have routinely held, in civil rights cases, that a plea of guilty, even to a lesser charge, is both conclusive proof that a criminal proceeding did not terminate in a plaintiff's favor and a bar to a plaintiff's Section 1983 claim. *See Wang v. Vahldieck*, 09-CV-3782, 2012 U.S. Dist. LEXIS 3763 (EDNY Jan. 9, 2012) ("[A] claim for false arrest is barred even where the civil rights plaintiff pleaded guilty to a lesser charge pursuant to a plea agreement that dismissed the charges for which plaintiff was arrested."); *Geronimo-Dominguez v. Albion*, 07-CV-406, 2009 U.S. Dist. LEXIS 91754 (WDNY Sept. 29, 2009) (where plaintiff was charged with two traffic violations and pled guilty to unlicensed operation of a motor vehicle, his conviction established probable cause for the arrest, and his claims for false arrest failed); *Allison v. Farrell*, 97 Civ. 2247, 2002 U.S. Dist. LEXIS 975 (SDNY Jan. 18, 2002) (plaintiff's guilty

plea to a lesser charge precluded recovery under Section 1983 for false arrest since it established that probable cause existed at the time of the arrest).

Here, it is undisputed that the criminal proceedings which are the subject of Heim's false arrest and false imprisonment claims were not terminated in Heim's favor. Heim admits, in his complaint, that he pled guilty to a parking infraction in satisfaction of all charges which arose from his December 15, 2016 arrest, including the charge of driving under the influence of drugs. (Dkt. No. 1, ¶116; Dkt. No. 11-2, Exh. B) Because the criminal proceedings arising from the arrest were not terminated in Heim's favor, Heim's claim that Deputy Flickner and Deputy Merrick subjected him to false arrest and false imprisonment in violation of his constitutional rights fails as a matter of law. *See Roundtree v. New York*, 778 F. Supp. 614 (EDNY 1991) (motion to dismiss plaintiff's unlawful arrest and detention claims granted where plaintiff pled guilty to lesser charge of disorderly conduct in satisfaction of arrest for possession of cocaine); *Butron v. County of Queens Police Dep't, 110 Precinct*, 94-CV-2675, 1996 U.S. Dist. LEXIS 19188 (EDNY Dec. 23, 1996) (plea to charge in satisfaction of all other charges bars Section 1983 claim as a matter of law); *Keyes v. City of Albany*, 594 F. Supp. 1147, 1155 (NDNY 1984) (plea to lesser charge barred false arrest claim under Section 1983 against officers and city defendants).

Moreover, "a plaintiff cannot allege a *Monell* claim where he has not alleged a valid underlying constitutional deprivation." *Lacey v. Yates Cnty.*, 30 F. Supp. 3d 213, 228 (WDNY 2014). For all the reasons just stated, Heim cannot establish that individual defendants Flickner and Merrick violated his constitutional rights during his arrest and imprisonment on December 15, 2016. Thus, his *Monell* claims against the Sheriff and

11

the County based on these same events must fail as well. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (where an officer inflicted no constitutional injury, it is "inconceivable" that the city and its police commissioner could be held liable"); *Segal v. City of New York*, 459 F.3d 207 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct."); *Geronimo-Dominquez*, 2009 U.S. Dist. LEXIS 91754, *7 (court need not reach the issue of the existence of a municipal policy in violation of Section 1983 because plaintiff had failed to allege an actionable constitutional violation with respect to his arrest, and therefore his claim against both the officer and the municipality failed).

### *Plaintiff's Proposed Amendments to his Section 1983 Claims are Futile*

In seeking leave to amend the complaint, plaintiff does not appear to dispute that his March 22, 2017 guilty plea is a bar to his Section 1983 false arrest and false imprisonment claims. Instead, plaintiff argues that because his guilty plea may still be vacated, it is premature to dismiss his lawsuit. Plaintiff notes that even though his *Coram Norbis* Petition was denied by Geneseo Town Court, he may still decide to appeal that decision, and thus the motion to dismiss should be denied. The Court disagrees.

Because a plaintiff's "guilty plea is conclusive evidence of probable cause for [his] arrest, before [a plaintiff] can pursue [his] §1983 claim for false arrest, [his] conviction must be vacated." *Croft v. Greenhouse Servs. for Women, Inc.*, 13-CV-2996, 2013 U.S. Dist. LEXIS 176841 (SDNY Dec. 17, 2013). To that end, district courts in this Circuit have dismissed Section 1983 claims for false arrest despite a plaintiff's pending appeal of the underlying conviction. *See Drayton v. Young*, 17-CV-5440, 2018 U.S. Dist. LEXIS

12

190749 (SDNY Nov. 7, 2018) (dismissing a false arrest claim where plaintiff was currently appealing his conviction because "plaintiff cannot maintain a §1983 action for false arrest unless and until his conviction is in fact overturned"); *Bristol v. Queens County*, 09-CV-5544, 2011 U.S. Dist. LEXIS 150224 (EDNY Feb. 28, 2011) (dismissing false arrest cause of action despite pending appeal of underlying conviction); *Jean-Laurent v. Cornelius*, 15-CV-2217, 2017 U.S. Dist. LEXIS 33222 (SDNY Mar. 8. 2017) (dismissing false arrest and other claims while direct appeal of the plaintiff's conviction was pending).

Similarly here, Heim's false arrest and false imprisonment claims cannot proceed because his guilty plea has not been invalidated or overturned. In fact, plaintiff's *Coram Nobis* Petition to Geneseo Town Court was denied. Plaintiff's speculation that he may appeal the denial of *Coram Nobis* Petition is simply insufficient to save his claims. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (affirming district court's dismissal of claims for false arrest, false imprisonment, and malicious prosecution where the plaintiff "has not demonstrated that his conviction has been invalidated in any manner.").[7]

### Plaintiff's State Law Claims are Untimely and Fail to Satisfy Notice Requirements[8]

Plaintiff's second cause of action alleges a state law claim of negligent infliction of emotional distress. Specifically, plaintiff contends that Flickner and Merrick's actions caused him severe emotional distress, and that the "policies of the Sheriff and the County

---

[7] The Court also rejects plaintiff's argument that he would not have pled guilty on March 22, 2017 if he had known that it was defendants' regular pattern and practice to subject motorists to unconstitutional arrests in order to obtain revenue through the County's STOP-DWI program. As discussed in detail herein, a guilty plea serves as a bar to a false arrest claim because it is an admission, by the plaintiff, that probable cause existed at the time of his arrest. Information learned by a plaintiff after his arrest and plea, regarding the arrests of others, is irrelevant and does not negate plaintiff's prior admission of probable cause at the time he accepted a plea.

[8] Of course, should the District Court dismiss plaintiff's federal law claims, the District Court may decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims. *See* 28 U.S.C. §1367(c)(2)(3).

inherent in STOP-DWI contributed to and motivated the actions of Flickner and Merrick in harming Heim." (Dkt. No. 1, ¶¶129-133)

To begin, plaintiff's claim for negligent infliction of emotional distress based upon his arrest is untimely. The statute of limitations for negligence claims asserted against either a municipality, or an officer or employee of the municipality, is one year and ninety days. *See* NY Gen. Mun. Law Section 50-i(1)(c). Heim's arrest occurred on December 15, 2016. Thus, any state law negligence claim against defendants, including a claim for negligent infliction of emotional distress, expired on March 15, 2018. Plaintiff did not file the instant complaint until August 29, 2019. Thus, his claim for negligent infliction of emotional distress should be dismissed as untimely. *See Jones v. J.C. Penney's Dep't Store*, 03-CV-920A, 2007 U.S. Dist. LEXIS 104120 (WDNY Jan. 22, 2007) (dismissing negligence claim against sheriff deputies as untimely pursuant to the one year and ninety-day statute of limitations set forth in Section 50-i(1)(c) of the General Municipal Law).[9]

Not only is plaintiff's claim for negligent infliction of emotional distress untimely, but it also fails to satisfy mandatory notice requirements. "State claims brought under state law in federal court are subject to state procedural rules." *Felder v. Casey*, 487 U.S. 131 (1988). "Pursuant to New York General Municipal Law §50-e, a plaintiff who asserts a state law tort claim against a municipal entity or its employees for acts that occurred within the scope of their employment must file a notice of claim within ninety days after the incident giving rise to the claim." *Singletary v. Allen*, 431 F. Supp. 3d 126, 129 (WDNY

---

[9] The Court notes that in the complaint's description of the events of December 15, 2016, plaintiff alleges assault and battery on the part of defendants Flickner and Merrick. (Dkt. No. 1, ¶107, ¶124, ¶126) However, these claims are not asserted as independent causes of action. The applicable statute of limitations in New York for intentional torts, asserted against a municipality or its employees, is one year. *See* N.Y. CPLR 215. Thus, to the extent that plaintiff is attempting to bring a state law claim for an intentional tort, such as assault or battery, based upon his December 15, 2016 arrest, these claims are also untimely.

2019).[10]  Notice of claim requirements are strictly construed and failure to timely file a notice of claim "ordinarily requires dismissal for failure to state a cause of action." *Hardy v. N.Y.C. Health & Hosp., Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999).  Thus, in order to survive a motion to dismiss, a plaintiff must plead that: "(1) a notice of claim was served; (2) at least thirty days elapsed since the notice of claim was filed and before the complaint was filed; and (3) in that time, the defendant neglected or refused to satisfy the claim." *Coggins v. Cty. Of Nassau*, 988 F. Supp. 2d 231, 251 (EDNY 2013).  "The plaintiff bears the burden of demonstrating compliance with the notice of claim requirements." *Chabot v. Cty. Of Rockland, New York*, 18-CV-4109, 2019 U.S. Dist. LEXIS 124568 (SDNY July 25, 2019).

Here, Heim has failed to allege, in either the complaint or his proposed amended complaint, that he served a notice of claim on defendants.  As such, his state law claim for negligent infliction of emotional distress must be dismissed.  *See Chabot*, 2019 U.S. Dist. LEXIS 124568 (state law claims dismissed where plaintiff did not allege he served a notice of claim upon defendants); *Parent v. New York*, 786 F. Supp. 2d 516, 529 (NDNY 2011) ("A timely-filed notice of claim is a prerequisite to a tort action against a municipality.

---

[10] The Court acknowledges that no notice of claim is required for suits brought against a municipal employee unless the municipality is obligated by law to indemnify the employee.  *See* N.Y. Gen. Mun. Law §50-e(1)(b).  "The obligation to indemnify depends on whether the individual defendants were acting within the scope of their employment when they committed the alleged misdeed." *Wroebel v. County of Erie*, 03-CV-277, 2004 U.S. Dist. LEXIS 30648 (WDNY Dec. 16, 2004).  Further, a court may decide the "scope of employment" question "as a matter of law where the complaint establishes that the alleged conduct 'occurred only within the scope of employment'." *Stahura-Uhl v. Iroquois Centr. Sch. Dist.*, 836 F. Supp. 2d 132, 147 (WDNY 2011).  Here, local law requires the County to indemnify individual defendants Flickner and Merrick. (Dkt. No. 11-1, ¶4, Exh. A)  Also, the complaint specifically alleges that "at all times relevant, herein, Flickner and Merrick were acting under color of state law and within the scope of their employment and their roles as deputies and employees of the Sheriff and County." (Dkt. No. 1, ¶13)  For these reasons, the Court finds, as a matter of law, that the conduct by Flickner and Merrick at issue here occurred in the scope of their employment, such that the notice requirements of Section 50-c apply.

The complaint must contain allegations that the notice of claim was filed at least thirty days prior and payment has not been made to satisfy the claim.") [11]

### *Proposed Amendments to the State Law Claims are Futile*

The proposed amended complaint sets forth additional allegations in support of the negligent infliction of emotional distress claim.  These include allegations that defendants owed a duty to Heim, and that Heim suffered mental and physical injury from being forced to undergo a field sobriety test in severe weather conditions without adequate clothing.  However, these additional allegations do not cure either the statute of limitations issue or the notice of claim deficiency explained above.  Further, plaintiff's reply papers argue that because the negligent infliction of emotional distress claim applies only to Merrick and Flickner, the applicable statute of limitations is three years.  This assessment of the applicable statute of limitations as to municipal employees is incorrect. *See Saccone v. Dubois*, 18 CV 1312, 2018 U.S. Dist. LEXIS 155792 (SDNY Sept. 12, 2018) (rejecting plaintiff's argument that a three-year statute of limitations applies to sheriff's deputies in a negligence action); *Carter v. Broome Cnty.*, 394 F. Supp. 3d 228 (NDNY 2019) ("[T]his three-year statute of limitations is shortened to one year and ninety days against a municipality and its agents, servants and employees.")[12]

---

[11] The Court notes that to the extent plaintiff is attempting to assert intentional state tort claims such as assault and battery, these claims are also subject to dismissal for failure to comply with the notice of claim requirements set forth in Section 50-c of the New York General Municipal Law. *See Singletary*, 431 F. Supp. 3d at 126 (battery claim against sheriff's deputy dismissed for failure to file a notice of claim pursuant to Section 50-e); *Stahura-Uhl*, 836 F. Supp. 2d at 132 (motion to dismiss claims for intentional infliction of emotional distress and defamation against school district employee granted where no notice of claim was filed prior to bringing suit).

[12] The Court notes that plaintiff's claim for negligent infliction of emotional distress based upon the events surrounding his stop and arrest is also likely to fail because it is premised on intentional conduct.  *See Joyner v. Cnty. of Cayuga*, 5:20-CV-60, 2020 U.S. Dist. LEXIS 67673 (NDNY April 17, 2020) ("[A] plaintiff seeking damages for an injury resulting from a wrongful arrest and detention may not recover under broad general principles of negligence."); *Dollard v. City of New York*, 408 F. Supp. 3d 231, 238-39 (EDNY 2019) ("New York does not, as a matter of public policy, recognize a claim for negligence arising out of an arrest or prosecution.")

## CONCLUSION

For the foregoing reasons, the Court recommends that defendants' motion to dismiss the complaint (Dkt. No. 11) be granted, and that plaintiff's motion to amend the complaint be denied (Dkt. No. 19).

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

*Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.* See Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall*

be supported by legal authority."  **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**


         **SO ORDERED.**

DATED:      August 31, 2020
              Buffalo, New York


_____
HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge